IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GABE W. OATES,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   CIVIL ACTION NO. 1:19-407-KD-N |
| | ) |
| SCOTCH PLYWOOD CO.,<br>    Defendant. | )<br>) |

## REPORT AND RECOMMENDATION

This action is before the Court on the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) and Rule 4(m) filed by Defendant Scotch Plywood Company ("Scotch"). (Doc. 12). This motion has been referred to the undersigned Unites States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and S.D. Ala. GenLR 72(b). In reaching its decision, the undersigned has considered the response in opposition to the motion (Doc. 21) filed by Plaintiff Gabe Oates ("Oates") and Scotch's reply in support of the motion to dismiss (Doc. 22). Upon consideration, the Court finds that Scotch's motion to dismiss is due to be **DENIED** and for the reasons set out herein, the prior service process in this matter is hereby **QUASHED**.

### I.   *Legal Standards*

Under Federal Rule of Civil Procedure 12(b)(5), a defendant may bring a motion to dismiss based "insufficient service of process."

> By definition, "service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Miss. Publ'g Corp. v. Murphree,* 326 U.S. 438, 444–45, 66 S. Ct. 242, 90 L. Ed. 185 (1946). A

> court is required to have personal jurisdiction under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution "as a matter of individual liberty" so that "the maintenance of the suit ... [does] not offend 'traditional notions of fair play and substantial justice.' " *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702–03, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

*Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003).

> In the absence of valid service of process, proceedings against a party are void. *E. g., Mooney Aircraft, Inc. v. Donnelly*, 402 F.2d 400, 406 (5th Cir. 1968). When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity. *Familia de Boom v. Arosa Mercantil, S. A.*, 629 F.2d 1134, 1139 (5th Cir. 1980).

*Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. Unit A Jan. 27, 1981).[1] In deciding a Federal Rule 12(b)(5) motion, a district court may consider matters outside of the pleadings and make findings of fact based on affidavits and other evidence relevant to the issue. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008). "A defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam).

"Motions under Federal Rule[]…12(b)(5) differ from the other motions permitted by Rule 12(b) somewhat in that they offer the district court a course of

---

[1] "In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), [the Eleventh Circuit] adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 n.1 (11th Cir. 2013).

action—quashing the process without dismissing the action—other than simply dismissing the case when the defendant's defense or objection is sustained…Usually a movant requests dismissal and quashing in the alternative or asks for both forms of relief…The federal courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on the defendant." The Late Charles Alan Wright, *et al.*, 5B Fed. Prac. & Proc. Civ. § 1354 (3d ed.) (footnotes omitted). *Accord Villafana v. Auto-Owners Ins.*, Civil Action No. 06-0684-WS-B, 2006 WL 3834276, at *2 & n.8 (S.D. Ala. Dec. 29, 2006) (Steele, J.).

Under Federal Rule of Civil Procedure 4(m), "a plaintiff is responsible for serving the defendant with a summons and the complaint within the time allowed under Rule 4(m)." *Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277,1280-81 (11th Cir. 2007). Rule 4(m) provides that, "if a defendant is not served within 90 days after the complaint is filed, the court- on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Dismissal may be avoided if "plaintiff shows good cause or court chooses to exercise discretion in favor of extending time. *Will-Burn Recording & Pub.Co. v. Universal Music Group Records*, Civil Action No. 08-0387-WS-C, 2008 WL 4793291, at *2 (S.D.Ala. Nov, 4, 2008)(*citing Lau. V. Klinger*, 46 F.Supp.2d 1377, 1380 (S.D.Ga.1999)). "Where good cause is shown, a court must extend time for service; however, in the absence of good cause, a court may, in its discretion, allow an

extension or dismiss the case without prejudice." *Id., (citing Scott v. Hern*, 216 F.3d 897, 912 (10th Cir.2000)).

## II.   *Analysis*

Federal Rule of Civil Procedure 4(h)(1) provides the methods for serving process on corporations that are located within a judicial district of the United States, such as Scotch.  It states that, "unless the defendant's waiver has been filed," a corporation must be served: (A) "in the manner prescribed by Rule 4(e)(1) for serving an individual" – that is, by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[,]" Fed. R. Civ. P. 4(e)(1) – or (B) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process…"[2] Fed. R. Civ. 4(h)(1).  Alabama, the only applicable "state law" under Federal Rule 4(e)(1), also requires service of process to be made on a corporation "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process."   Ala. R. Civ. P. 4(c)(6).   Thus, "[b]oth the Alabama Rules of Civil Procedure and the Federal Rules of Civil Procedure contemplate service upon a corporation through its 'officers'

---

[2] Federal Rule 4(h)(1)(B) requires additional process "if the agent is one authorized by statute and the statute so requires," but there is no contention that provision applies here.

or 'agents.' " *Drill S., Inc. v. Int'l Fid. Ins. Co.*, 234 F.3d 1232, 1238 n.10 (11th Cir. 2000) (per curiam) (citing Fed. R. Civ. P. 4(h)(1); Ala. R. Civ. P. 4(c)(6)).

Scotch maintains that on December 11, 2019, a process server served the summons, which is addressed to "Scotch Plywood Co.," to Shane Thibodeaux ("Thibodeaux"), an employee in the Safety Department of the company. Scotch argues that Thibodeaux is not the proper party to accept a summons on the company's behalf because he is not listed as or considered a registered agent to accept service or process[3]. In his response, Oates only asserts that the process server requested T. H. O'melia, Jr., and was informed that he was not in the office, thereafter, Thibodeaux accepted and signed the summons.   With the facts presented, Scotch argues that the service of process requirements were not satisfied and due to its ineffectiveness, the Complaint should be dismissed. (Doc. 12 at 6).

The summons, which was issued on December, 5, 2019, by the Clerk of Court, was directed to "Scotch Plywood Company, 119 Main Street, Fulton, AL 36446." (Doc. 8)[4].   On December 18, 2019, Oates filed a Proof of Service form stating that the summons was served on Shane Thibodeaux on December 11, 2019. (Doc. 10). [5]

---

[3] Shane Thibodeaux submitted a sworn declaration maintaining that he was not authorized to accept service of process on behalf of Scotch Plywood Company, Inc., and that he was not "an officer, a partner, a managing or general agent, or a director of Scotch Plywood Company, Inc." (Doc. 12-1)

[4] On the same day, Oates filed a motion for extension (Doc. 9) requesting an extension to process service due to unforeseen circumstances. The motion was granted and "that the Plaintiff's 12/11/2019 service of summons on the Defendant was deemed timely." (Doc. 11).

[5] *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court.   Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.").

Scotch maintains that "service of process was improper because the summons and complaint were not served on the proper individual for the corporation who is authorized to receive service." (Doc. 12). Additionally, Scotch contends that Oates did not dispute the sworn declaration attesting that Thibodeaux was the employee who received the summons and copy of the complaint. (Doc. 22)

Upon consideration[6], the Court finds that quashing the current service of process, rather than dismissal under Federal Rule 12(b)(5), is the appropriate course at this juncture. In response to the motions, pleads for more time to serve the defendant if service to Scotch was "not good enough." (Doc. 21). ("[T]he court may use its discretion not to dismiss the action in those cases in which it is not clear whether proper service has been made; the simplest solution in this situation is to quash process and allow the plaintiff another opportunity to serve the defendant.") Fed. R. Civ. P. 4(l)(3) ("Failure to prove service does not affect the validity of service."). ("[S]ervice generally will be quashed and the action preserved in those situations in which there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly."); *Villafana*, 2006 WL 3834276, at \*2 ("[T]he decision whether to dismiss or simply quash service is left to the sound discretion of the trial court, with that discretion skewed against dismissal if there remains 'a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly.' 5B *Federal Practice and Procedure,* § 1354 at 348. Oates represents that he is aware of

---

[6] Scotch argues that Oates "has been afforded more than enough time to properly serve Defendant with service of process," and that he "has already been granted two extensions…" (Doc. 22 at 1).

the proper party to make service upon, therefore it is reasonable for service to be perfected properly.

"When quashing process, courts have the discretion to order conditions, including time constraints, within which the plaintiff may make a second attempt at service."  5B Fed. Prac. & Proc. Civ. § 1354.  *See also* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").[7]  Accordingly, it is recommended that a deadline of 30 days be set in which Oates must serve Scotch and file proof of same.[8]

### III.  *Conclusion*

In accordance with the foregoing, it is **RECOMMENDED** that Scotch's motion to dismiss (Doc. 12) is **DENIED**, and that the prior service of process in this action is be **QUASHED**, and that Oates be **ORDERED** to serve Scotch with process in accordance with Federal Rule 4(h)(1)[9].

---

[7] The complaint was filed over 90 days ago, on July 18, 2019.   (*See* Doc. 1).

[8] While the Court "may permit proof of service to be amended[,]" Fed. R. Civ. P. 4(l)(3), the Court finds the simplest course of action at this stage is to quash the current service of process and start anew.  There is no indication that this will impose any substantial hardship on Timmons.

[9] If Report and Recommendation is adopted, it is further recommended that Oates be given thirty days to properly serve Scotch from that date.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 6th day of February 2020.

                                              */s/ Katherine P. Nelson*
                                              **KATHERINE P. NELSON**
                                              **UNITED STATES MAGISTRATE JUDGE**