IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GABE W. OATES,     Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:19-00407-KD-N ) |
| SCOTCH PLYWOOD CO.,     Defendant. | ) ) ) |

## REPORT AND RECOMMENDATION

Gabe W. Oates, who is proceeding without counsel (*pro se*), initiated this civil action by filing a complaint on July 18, 2019. (Doc. 1). After being given two extensions of time in which to serve the Defendant, Scotch Plywood Co. ("Scotch"), with process (*see* Docs. 7, 9, 11), Oates claimed to have served Scotch on December 11, 2019. (*See* Doc. 10). However, on January 2, 2020, Scotch filed a motion to dismiss this action under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process, and under Federal Rule of Civil Procedure 4(m) for failure to timely serve process. After briefing on the motion to dismiss concluded (*see* Docs. 20, 21, 22), on March 2, 2020, the Court, adopting the undersigned's recommendation, denied the motion to dismiss, but ordered that Oates's prior service of process be quashed and that he "properly serve the Defendant, Scotch Plywood Company, within 30 days" – i.e., April 1, 2020. (*See* Docs. 23, 24).

Oates did not do so. Over a month later, Oates filed a letter, dated May 5, 2020, and received by the Court two days later, stating, in its entirety: "Due to COVID-19 and the STAY AT HOME ORDER issued by [Alabama] Governor Kay Ivey, I was unable to pursue further action in this case. Please advise whether this case is still open for action at this time." (Doc. 25, PageID.66). On May 13, 2020,

Scotch filed a response to the letter, asserting that Oates had not shown entitlement to any further extension of time to serve Scotch with process, and that the case was therefor due to be dismissed under Rule 4(m). (*See* Doc. 26).[1]

"Despite construction leniency afforded *pro se* litigants, [courts] nevertheless have required them to conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (per curiam). Rule 4(m) states: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[2] The undersigned agrees with Scotch that Oates has failed to show "good cause" justifying a fourth extension of the service deadline.[3] Oates waited over a month after the April 1 service deadline to inform the Court that he had still not served Scotch, and his May 5 letter fails to describe any attempted efforts at service following the Court's March 2 order. Moreover, as Scotch correctly points out, Governor Ivey did not issue her first Stay at Home Order until April 3,

---

[1] The assigned District Judge has referred Oates's May 5 letter and Scotch's response to same to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). See S.D. Ala. GenLR 72(b); (5/7/2020 & 5/13/2020 electronic references).

[2] *See also* S.D. Ala. CivLR 41(a) "Whenever the Plaintiff has not completed service of process within the time required by Fed. R. Civ. P. 4(m), and the Defendant has not waived service under Fed. R. Civ. P. 4(d), the Court upon notice may dismiss the action in accordance with Fed. R. Civ. P. 4(m).").

[3] "Good cause [under Rule 4(m)] exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quotation omitted).

2020, and it did not go into effect until 5:00 p.m. on April 4[4] - three days after the service deadline. To date, there is nothing in the record suggesting that Oates has made any further attempts to serve Scotch with process.

Admittedly, until the issuance of this Report and Recommendation, the Court has not formally addressed Oates's May 5 letter. However, Oates filed no reply in opposition to Scotch's response (the filing of which should have clued him in that his case was still pending), nor has he filed anything else with the Court in the approximately five months since he filed the May 5 letter. Under these circumstances, the undersigned does not find "good cause" requiring further extension of the service deadline under Rule 4(m).[5]

Moreover, under this Court's local rules, "[w]henever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law." S.D. Ala. CivLR 41(c).[6] Under both Federal Rule of Civil Procedure 41(b) and its own inherent power to manage its docket, a federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Here, the above-described circumstances also support an alternative determination that Oates has failed to diligently prosecute

---

[4] https://governor.alabama.gov/newsroom/2020/04/governor-ivey-issues-stay-at-home-order/ (last visited Oct. 1, 2020).

[5] "Even in the absence of good cause, a district court has the discretion to extend the time for service of process." *Lepone-Dempsey*, 476 F.3d at 1281. Oates has already been given three extensions of time to serve Scotch with process, and the circumstances discussed above to not weigh in favor of any further discretionary extensions.

[6] As is explained at the end, Oates will have an opportunity to object to this Report and Recommendation prior to the Court acting on it, thus satisfying the "notice" requirement of CivLR 41(c).

this action, and that dismissal without prejudice is also appropriate under Rule 41(b), CivLR 41(c), and the Court's inherent powers.[7]

In accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** under Rule 4(m) for failure to timely serve the defendant with process, and alternatively under Rule 41(b), CivLR 41(c), and the Court's inherent power to

---

[7] Where dismissal of a complaint without prejudice has the effect of precluding a plaintiff from refiling his claim due to the running of the statute of limitations, the dismissal is tantamount to a dismissal with prejudice. *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993). Oates's complaint (Doc. 1) alleges claims under Title VI of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act of 1967, both of which must be filed with a court within 90 days of receipt of a right-to-sue letter from the Equal Employment Opportunity Commission. *See Miller v. Georgia*, 223 F. App'x 842, 844 (11th Cir. 2007) (per curiam) (unpublished) ("Under Title VII, a plaintiff must file her complaint in the district court within 90 days of her receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e–5(f)(1); *see also Stallworth v. Wells Fargo Armored Services Corp.*, 936 F.2d 522, 524 (11th Cir. 1991) … Similarly, the ADEA provides that a plaintiff asserting a claim under that statute must file her complaint within 90 days of her receipt of a right-to-sue letter. 29 U.S.C. § 626(e); *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005)."). Oates alleges that he received his right-to-sue letter on April 20, 2019. (*See* Doc. 1, PageID.3, ¶ 13). Accordingly, dismissal of those claims without prejudice at this point would be tantamount to dismissal with prejudice.

"Dismissal with prejudice [for failure to prosecute] is not proper unless the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quotation omitted). As has already been explained, Oates waited over a month after the April 1 service deadline to inform the Court that he had not served Scotch, and failed to offer any good reason for the delay or for a fourth extension of the service deadline. Moreover, he has filed nothing further with the Court, nor inquired about the status of his case, in the five months since the May 5 letter, despite Scotch's response to that letter indicating his case was still active. The undersigned finds that these circumstances demonstrate a clear record of delay justifying a dismissal of Oates's Title VII and ADEA claims that is tantamount to dismissal with prejudice.

manage its docket, for failure to diligently prosecute this action, and that final judgment issue accordingly under Federal Rule of Civil Procedure 58.

**DONE** this the 1st day of October 2020.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.